UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONTRAIL MONIQUE LATHAM, | CASE NO. C15-5241 RJB-JRC |
| Plaintiff, | |
| v. | ORDER TO FILE AMENDED COMPLAINT |
| SUSAN BAUER, FORMER FIRM, COWLITZ COUNTY PROSECUTORS OFFICE, | |
| Defendants. | |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is plaintiff's proposed complaint (*see* Dkt. 4). Under the Prison Litigation Reform Act of 1995, the Court is required to screen a prisoner's complaint seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court may dismiss for failure to state a claim or if a defendant is immune from suit. *See* 28 U.S.C. 1915A(b).

1    Plaintiff has not named a defendant against whom he can maintain a civil rights action.

2    Plaintiff names a Susan Bauer who is a Cowlitz County Assistant Prosecutor (*see* Dkt. 1-1).

3    Plaintiff also names, "Former Firm" and the Cowlitz County Prosecutor's Office (*see* Dkt.1-1).

4    Plaintiff alleges that defendants violated his Eighth Amendment rights by imposing an excessive

5    sentence (*id.*).

6    42 U.S.C. § 1983 applies to actions of "persons" acting under color of state law.  Neither

7    "Former Firm," nor the Cowlitz County Prosecutor's Office are "persons."  Municipalities,

8    however, are subject to suit under § 1983.  *Monell v. New York City Dept. of Social Services*, 436

9    U.S. 658, 690 (1978).  "In order to bring an appropriate action challenging the actions, policies

10   or customs of a local governmental unit, a plaintiff must name the county or city itself as a party

11   to the action, and not the particular municipal department or facility where the alleged violation

12   occurred." *Bradford v. City of Seattle,* 557 F. Supp.2d 1189, 1207 (W.D. Wash. 2008) (holding

13   that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

14   Thus, the proper defendant in this action would be Cowlitz County, not the Cowlitz County

15   Prosecutor's Office.

16   Plaintiff also names an assistant prosecutor, Susan Bauer, as a defendant (Dkt. 1-1).

17   Prosecutors are entitled to absolute immunity from liability for damages under § 1983.  *Imbler v.*

18   *Pachtman*, 424 U.S. 409, 427 (1976).  If the prosecutor acts as an advocate "'in initiating a

19   prosecution and in presenting the State's case,'" absolute immunity is warranted.  *Ybarra v. Reno*

20   *Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting Imbler*, 424 U.S.

21   at 430-31).  Prosecutorial immunity extends to the process of plea bargaining as an integral part

22   of the judicial process. *See Miller v. Barilla*, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

23   Accordingly, plaintiff cannot maintain his action against defendant Bauer.

24

1    Rather than dismissing the action, plaintiff should be given the opportunity to cure the

2  defects in his filing if he believes he can state a cause of action.  According, the Court orders

3  plaintiff to submit an amended complaint on or before May 29, 2015.  The amended complaint

4  will act as a complete substitute for the original and not as a supplement. Plaintiff's failure to

5  comply with this order or failure to cure the defects in his original complaint will result in a

6  Report and Recommendation that this action be dismissed.

7    Dated this 20th day of April, 2015.

8

9    _____
     J. Richard Creatura
10   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO FILE AMENDED COMPLAINT - 3