UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONTRAIL MONIQUE LATHAM,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUSAN I BAUER, FORMER FIRM, COWLITZ COUNTY PROSECUTORS OFFICE,<br><br>　　　　　　Defendants. | CASE NO. 3:15-CV-05241-RJB-JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

　　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

　　　The Court granted plaintiff *in forma pauperis* status April 17, 2015 (Dkt. 3) and plaintiff filed his complaint on the same date (Dkt. 4). After the Court's initial review of plaintiff's complaint, the Court issued an order to file an amended complaint on or before May 29, 2015 (Dkt. 6). The Court informed plaintiff that he had not named a defendant against whom he can

ORDER TO FILE AN AMENDED COMPLAINT - 1

maintain a civil rights action (*id.*). Plaintiff filed a letter in response to the Court's order (Dkt. 7) but did not file an amended complaint.

The Court may dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In plaintiff's response letter, he named Cowlitz County as a defendant to this action and appears to no longer pursue claims against Susan I. Bauer, Former Firm and Cowlitz County Prosecutor's Office. Plaintiff has cured this deficiency and named a defendant who may not be immune from relief. However, plaintiff's response letter should be in the form of an amended complaint and still suffers from deficiencies that, if not corrected in an amended complaint, require dismissal.

First, plaintiff alleges that he was improperly sentenced by Cowlitz County. If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

> [T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.

*Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

If plaintiff is seeking monetary damages relating to his arrest or conviction, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

1  order, declared invalid by a state tribunal authorized to make such a determination, or called into
2  question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v.*
3  *Humphrey,* 512 U.S. 477, 486-87 (1994). Furthermore, to hold a municipality such as Cowlitz
4  County liable, plaintiff must show the municipality itself violated his rights or that it directed its
5  employee(s) to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404
6  (1994).  The focus is on the municipality's "policy statement, ordinance, regulation, or decision
7  officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485
8  U.S. 112, 121 (1988). Here, plaintiff must allege facts showing that any constitutional
9  deprivation he suffered was the result of a custom or policy of the local government unit.

10       Plaintiff must present his amended complaint on the form provided by the Court. An
11  amended complaint operates as a complete substitute for the present complaint.  Plaintiff is
12  cautioned that a letter is not a pleading and will usually not be considered by the Court.  Plaintiff
13  is ordered to file his amended complaint in proper format.  If the amended complaint is not
14  timely filed or fails to adequately address the issues raised herein on or before July 24, 2015, the
15  Court will recommend dismissal of this action.

16       The Clerk is directed to send plaintiff this Order along with the appropriate forms for
17  filing a 42 U.S.C. § 1983 civil rights complaint and a 28 U.S.C. § 2254 habeas petition.

18       Dated this 26th day of June, 2015.

J. Richard Creatura
United States Magistrate Judge