UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONTRAIL MONIQUE LATHAM,

Plaintiff,

v.

COWLITZ COUNTY,

Defendant.

CASE NO. 3:15-CV-05241-RJB-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. 13. Having carefully reviewed the motion and the balance of the record, the Court finds that the motion should be denied because plaintiff has demonstrated his ability to articulate his claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his complaint, plaintiff alleges that defendant violated his rights under the Eighth Amendment and Fourteenth Amendment. Dkt. 10. Plaintiff seeks monetary damages related to his sentence. *Id.* Plaintiff's sentence was reversed and remanded to the trial court for resentencing. *See* Dkt. 10 (*citing* Case No. 43785-6-II, *State of Washington v. Latham*). Plaintiff's motion states that his imprisonment limits his ability to litigate this case, the legal issues involved are complex, he has limited access to the law library because he is in administrative segregation, he has limited knowledge of the law and he has limited formal education. Dkt. 13 at 1. Here, despite plaintiff's argument that he has limited access to a law library and limited knowledge of the law, he has demonstrated an ability to articulate his claim under the Eighth and Fourteenth Amendments in a clear fashion that is understandable to the

Court. In addition this is not a complex case. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

While the claim may have merit, it is not possible to determine plaintiff's likelihood of success at this point in the litigation. Because plaintiff has demonstrated his ability to articulate his claim without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time, the Court denies plaintiff's motion for appointment of counsel.

Therefore, it is ORDERED:

(1) Plaintiffs' motion for appointment of counsel (Dkt. 13) is denied.

(2) The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 22nd day of September, 2015**.**

J. Richard Creatura
United States Magistrate Judge