UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONTRAIL MONIQUE LATHAM,

                          Plaintiff,

        v.

SUSAN I BAUER,

                          Defendant.

CASE NO. 3:15-CV-05241-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  NOVEMBER 20, 2015

This 42 U.S.C. § 1983 civil rights matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Defendant has filed a motion to dismiss. Dkt. 17.  Plaintiff has not filed a response. The Court recommends granting defendant's motion because plaintiff fails to plead or allege that any Cowlitz County custom or policy is at issue in this case.

//

//

**PROCEDURAL HISTORY**

On April 16, 2015, Plaintiff filed his original complaint with this court, asserting a claim under 42 U.S.C. § 1983 and naming as defendants prosecuting attorney Susan Bauer, the Cowlitz County Prosecutor's Office, and "Former Firm." Dkt.  4. On April 20, 2015, the Court ordered plaintiff to file an amended complaint because the Cowlitz County Prosecutor's Office and "Former Firm" were not proper defendants and that Susan Bauer could not be sued, given her prosecutorial immunity. Dkt. 6. On April 30, 2015, plaintiff filed a letter in response to the Court's order (Dkt. 7) but did not file an amended complaint. On June 26, 2015, the Court ordered plaintiff to file his amended complaint on the proper form and advised plaintiff that in order to state a claim of municipal liability, plaintiff must allege facts showing that any constitutional deprivation he suffered was a result of a custom or policy of the local government unit. Dkt. 9. Plaintiff filed his amended complaint on July 6, 2015, naming only Cowlitz County as defendant. Dkt. 10.

**FACTS**

In his amended complaint, plaintiff alleges that defendant Cowlitz County violated plaintiff's due process rights and that plaintiff was subject to "cruel and unusual punishment to excessive confinement in prison." Dkt. 10 at 3. In his complaint, plaintiff references "Cause # 11-1-01087-0" and states:

> Please see Exhibit A Court of Appeal Division II NO. 43785-6-II dates 2014 Sept 3 regarding 'persistent offender' and the elements of the Washington State RCW regarding 'second degree assault. Cowlitz County also sentence me under 'assault second degree' with 7, points calculating my score. I never had any points. So my points should have been 12+14 months if any not 7 points for 43-57 months. I did date to date flat time from 2011, 2015.

*Id.* Plaintiff did not attach any exhibits to his amended complaint. Plaintiff does not state any other facts relating to his claim.

1  Defendant provides the Court with additional information that is contained in the

2  Washington Court of Appeals documents. Dkt. 18, Exhibit 1, *State v. Latham,* 183 Wn. App. 390

3  (2014). In 2003, plaintiff pled guilty to battery with substantial harm in a Nevada Court. *See id,*

4  *Latham,* 183 Wn. App. At 394-395. Later, also in Nevada, plaintiff entered a plea to voluntary

5  manslaughter. *Id.* at 7-8. A Cowlitz County jury in Washington found plaintiff guilty of second

6  degree assault for acts committed in October 2011. *Id.* at 8. The Washington Court of Appeals

7  summarized the trial court's ruling:

8       The trial court ruled Latham to be a persistent offender, based on the Washington
        offense and the two prior Nevada convictions, and imposed the POAA's
9       mandatory life sentence. The trial court considered the Nevada information, the
        plea agreements, the judgments of conviction, and the plea colloquy records. The
10      trial court ruled both Nevada offenses comparable to Washington's most serious
        offenses. Specifically, the trial court ruled Nevada's battery with substantial
11      harm both legally and factually comparable to Washington's second degree
        assault, and Nevada's voluntary manslaughter legally comparable to
12      Washington's second degree murder.

13  *Id.* at 8. The Washington Court of Appeals found that the two Nevada offenses were not legally

14  or factually comparable to any of Washington's most serious offense and reversed plaintiff's

15  sentence. *Id.* at 14.

16  Plaintiff seeks damages in the amount of $1500 per day for false or unlawful

17  imprisonment and an additional $15,000,000 in damages. Dkt. 10 at 4.

18  **STANDARD OF REVIEW**

19  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

20  a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

21  theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See,*

22  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

23

24

1    For purposes of ruling on this motion, material allegations in the complaint are taken as

2    admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295

3    (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss

4    does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his

5    entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

6    elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations

7    omitted). "Factual allegations must be enough to raise a right to relief above the speculative

8    level, on the assumption that all the allegations in the complaint are true (even if doubtful in

9    fact)." *Id*. at 545.  Plaintiff must allege "enough facts to state a claim to relief that is plausible on

10   its face." *Id*. at 570.  The Court liberally construes a pro se pleading but cannot supply facts to a

11   complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

12    In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l)

13   the conduct complained of was committed by a person acting under color of state law; and (2)

14   the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

15   laws of the United States. *Parratt  v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*

16   *grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to

17   remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769

18   F.2d 1350, 1354 (9th Cir. 1985) (en banc).

19                                          **DISCUSSION**

20          **A.  Municipal Liability**

21    Plaintiff does not allege that any municipal custom or policy is at issue in this action and,

22   therefore, has failed to state a claim against the only named defendant. Dkt. 17 at 8-9. On June

23   26, 2015, in the Court's order to amend the complaint, the Court apprized plaintiff of the

24

elements that he needed to plead to state a cause of action against a municipal defendant such as Cowlitz County. Dkt. 9 at 3. While it is not clear from plaintiff's amended complaint, it appears that plaintiff may be alleging that defendant is liable through *respondeat superior* to the judge or prosecutor's conduct in sentencing plaintiff.

However, the Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (*quoting Monell*, 463 U.S. at 694). In order to state a claim against a county or other municipal entity plaintiff must show that defendant's employees or agents acted through an official custom, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is

1   not sufficient to show the existence of an unconstitutional custom or policy.  *Thompson v. City of*

2   *Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

3          Plaintiff has failed to state a cause of action against defendant Cowlitz County, the only

4   named defendant.  Plaintiff fails to allege the existence of any municipal policy, custom or other

5   action under which defendant could be held liable and there is no *respondeat superior* liability

6   under § 1983 for any actions by the Cowlitz County Superior Court Judge or prosecutor. *See*

7   *Monell*, 436 U.S. at 692. Rather, plaintiff's complaint only refers to the Washington Court of

8   Appeals' opinion from his criminal case and recites conclusory allegations of "false

9   imprisonment," "cruel and unusual punishment," and "excessive confinement." Dkt. 10 at 3.

10  The Court liberally construes a pro se pleading but cannot supply facts to a complaint.  *Pena v.*

11  *Gardner*, 976 F.2d 469 (9th Cir. 1992).  The Court recommends granting defendant's motion to

12  dismiss.

13         The Court gave plaintiff two opportunities to amend his complaint and twice provided

14  plaintiff with guidance explaining why he failed to state a claim. *See* Dkts. 6, 9.  Despite two

15  opportunities to amend his complaint, plaintiff has been unable to overcome the deficiencies of

16  his pleading. Under this set of facts, the Court concludes that further amendment would be futile.

17  The Court recommends that this action be dismissed for failure to state a claim and without leave

18  to amend.

19                                    **CONCLUSION**

20         The Court recommends dismissal of this action for failure to state a claim. The Court's

21  dismissal of plaintiff's action under these terms counts as a strike.  Pursuant to 28 U.S.C. §

22  636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of

23  this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will

24

result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **November 20, 2015** as noted in the caption.

Dated this 27th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge