UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONTRAIL MONIQUE LATHAM,

          Plaintiff,

    v.

SUSAN BAUER, et al.,

          Defendant.

CASE NO. 15-cv-05241 RJB

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court upon consideration of the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 21. Neither party filed objections to the Report and Recommendation. The Court has reviewed the Report and Recommendation objections to the Report and Recommendation and the remainder of the file herein.

Judge Creatura ordered Plaintiff on April 20, 2015 to file an amended complaint that would cure fatal defects, namely, Plaintiff's failure to identify an actionable defendant and a policy or custom sufficient as the basis for government liability. Dkt. 6. Plaintiff did not file an amended complaint, but rather filed a "response" that did not address the defects. *See* Dkt. 7. Judge Creatura gave Plaintiff another opportunity on June 26, 2015 to amend his complaint, and

Plaintiff made an unsuccessful attempt. Dkts. 9, 10. The Amended Complaint is identical to the Complaint in its content, except for the addition of two sentences, neither of which addresses the defects. *Compare* Dkt. 4, at 3 and Dkt. 10, at 3 (adding "I should of [sic] had no points at all at the time" and "Constitutional violation of 8th & 14th Admenment [sic] protections as guaranteed by the United State [sic] Constitution of America"). Plaintiff has been given multiple opportunities to cure defects in his complaint but has failed to do so.

On September 28, 2015, Defendant filed a Motion to Dismiss, arguing that Plaintiff failed to state a claim because (1) Plaintiff does not allege a policy or custom, and (2) Defendant is entitled to absolute immunity. Dkt. 17. Plaintiff did not respond to the motion.

The case should be dismissed.

**THEREFORE,** the Court does **HEREBY ORDER:**

(1) The Court ADOPTS the Report and Recommendation (Dkt. 21) and GRANTS defendant's motion to dismiss.

(2) Plaintiff's action is dismissed, and the Court's dismissal of Plaintiff's action counts as a strike against Plaintiff should Plaintiff files additional claims.

**DATED** this 25th day of November, 2015.

ROBERT J. BRYAN
United States District Judge